UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

ARNALDO SELVON,

*Plaintiff,*

-*against*-

THE CITY OF NEW YORK, ASSISTANT DISTRICT
ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT
DISTRICT ATTORNEY GARY BARNETT, ESQ.,.,
ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY,
ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD
#5544), SERGEANT JEREMY BERSON (SHIELD #406),
DETECTIVE CRAIG WAGNER (SHIELD #7906),
SERGEANT EDWARD DEIGHAN (SHIELD #3092),
DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST
OFFICER "JOHN" BATTS (SHIELD #17977),
CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD
#11312), CAPTAIN "JOHN" GROCE (SHIELD #183),
CORRECTION OFFICER "JOHN" PARSLEY (SHIELD
#13205) and CORRECTION OFFICERS JOHN DOE #1-5
(the name "John Doe" being fictitious as the true names are
presently unknown), individually and in their official capacity as
New York City Police Officers and New York City Correction
Officers,

*Defendants.*

---------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

JURY TRAIL DEMANDED

***Civil Action No.
13 CV 6626 (FB) (RML)***

Plaintiff **ARNALDO SELVON**, by and through his attorneys, **NOVO LAW FIRM, PC**, complaining of Defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1.      The event, which gives rise to this litigation occurred on or about October 27, 2009 and concluded on or about November 28, 2012.

2.      On or about October 27, 2009, the plaintiff was unjustly arrested and maliciously and falsely charged and prosecuted with criminal offenses and otherwise subjected to an extended and unjustified custodial detention and all association therewith including being subjected to malicious abuse of criminal process, harassment, excessive and unreasonable and unnecessary imprisonment, and excessive and unnecessary and unreasonable terms and conditions of his custodial detention including excessive and unreasonable and unnecessary handcuffing.  Upon

1

information and belief, the plaintiff was found not guilty by a jury and released from custody on or about November 28, 2012 and the Criminal Court proceedings were concluded.

3.       This is a civil rights action in which Plaintiff **ARNALDO SELVON** seeks relief for Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York.

4.       The plaintiff seeks monetary damages, compensatory, punitive, affirmative and equitable relief, including injunctive relief and declaratory relief (if appropriate), as may be in the interest of justice and as may be required to assure that the plaintiff secures full and complete relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

5.       The original Summons and Complaint was filed on November 27, 2013. The Amended Complaint was filed on July 3, 2014. Defendants entered Motion to Dismiss on November 17, 2014. Plaintiff Opposed to Defendant's Motion to Dismiss on November 17, 2014. The Court entered Memorandum and Order on Defendant's Motion to Dismiss on August 10, 2015.

## JURISDICTION AND VENUE

6.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

7.       Jurisdiction is also invoked herein pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

8.       Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

9.       The plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 USC § 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary

damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

10.    This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States, and as well, as guaranteed under the laws and Constitution of the State of New York.

11.    Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c) as the actions and conduct, about which the Plaintiff complains, took place within the geographic boundaries of this Court's jurisdiction; the parties do business and/or reside and/or have offices for doing business within the geographic boundaries of this Court's jurisdiction and the Plaintiff resides within the geographic boundaries of this Court's jurisdiction.

## JURY DEMAND

12.    Plaintiff respectfully demands a trail by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

13.    The plaintiff **ARNALDO SELVON** (hereinafter "Mr. Selvon") is thirty-four (34) years old and at all times hereinafter mentioned was and still is an American citizen of the United States residing in the State of New York and the County of New York.

14.    Defendant **THE CITY OF NEW YORK** was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

15.    Defendant **THE CITY OF NEW YORK** is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

16.    Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

17.   Defendant, **THE CITY OF NEW YORK** has among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

18.   Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** were and are at all times relevant herein, duly appointed and acting officers, servants, employees and agents of Kings County District Attorney's Office,  New York City Police Department and Department of Correction a municipal agencies of Defendant **THE CITY OF NEW YORK**.  Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK**, were acting for, and on behalf of, and with the power and authority vested in them by **THE CITY OF NEW YORK,** Kings County District Attorney's Office, New York City Police Department and Department of Corrections and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

19.     Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** on or about October 27, 2009 and thereafter were New York City Police and Uniform Command Officers and agents and employees of the City of New York.  Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and as guaranteed under the laws and Constitution of the State of New York, the actions and conduct were taken in and during the course of their respective duties and functions as New York City Police and uniform and/or non uniformed Command Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as a New York City Police and uniform and/or non uniformed Command Officers and agents and employees of the City of New York.

20.     Defendants are sued individually and in their official capacities.

## ALLEGATIONS AND STATEMENT OF FACTS

21.     Mr. Selvon is now thirty-four years of age, and was, at the commencement of this litigation approximately twenty-nine (29) years of age.

22.     The plaintiff's date of birth is April 4, 1980.

23.     Upon information and belief, the plaintiff was born in Puerto Rico and moved to the State of New York as a young child.

24.     Upon information and belief, the plaintiff graduated with a high school degree from Prospect Heights High School and was a part of the Business Academy Program.

25.     Upon information and belief, the plaintiff has no prior convictions.

26.     The event(s) which gives rise to this litigation occurred on or about October 27, 2009 and concluded on or about November 28, 2012.

27.     At the time of the plaintiff's arrest, as hereinafter described, the plaintiff was 5'7 in height and weighed approximately 150 pounds.

28.     The plaintiff worked at a "Gamestop" video retailer location as a "game advisor" from September 1, 2001 to December 9, 2001.

29.     During that period of time, September 1, 2001 to December 9, 2001 the Plaintiff worked at the store located at 1025 7th Avenue in Brooklyn, New York.

30.     Approximately eight (8) years thereafter, a string of robberies occurred on the dates at the following "Gamestop" locations: (1) August 14, 2009 at 1317 Avenue J in Brooklyn; (2) August 27, 2009 at 527 Fifth Avenue in Brooklyn; (3) September 4, 2009 at 1123 Kings Highway in Brooklyn; (4) September 17, 2009 at 6713 18th Avenue in Brooklyn, New York.

31.     On or about October 27, 2009, the plaintiff was unjustly arrested and maliciously and falsely charged with criminal offenses and otherwise subjected to an excessive and unreasonable custodial detention and all association therewith.

32.     The charges, which were preferred against the plaintiff, were dismissed and the plaintiff was found not guilty and released from custody on or about November 28, 2012.

33.     On or about October 27, 2009, the plaintiff was inside a family member's home located at 1020 President Street, Apt. 2D in Brooklyn, New York

34.     Upon information and belief, at approximately 6:00 a.m., detectives of the Brooklyn Robbery Squad apprehended Plaintiff at the above-mentioned location.

35.     Upon information and belief, at the above-mentioned date, location and time, the detective(s) threw him to the floor, handcuffed him and took him to a New York City Police Department van vehicle.

36.     The handcuffs were tight, initially and appeared to tighten even further causing the plaintiff increased pain, which he complained about on numerous occasions.

37.     The plaintiff asked that the handcuffs be loosened

38.     The officers refused to loosen or otherwise adjust the handcuffs.

39.     The plaintiff was transported to the precinct, fingerprinted and processed.

40.     On or about October 27, 2009, the plaintiff was included in a lineup of six (6) people in the precinct.

41.     Upon information and belief, Plaintiff's request to have an attorney present at the lineup was denied.

42.     Upon information and belief, the lineup had five (5) "fillers", none of which were the same age, weight or height as Plaintiff.

43.     None of the stolen merchandise was ever found in the possession or control of Plaintiff.

44.     No fingerprints of plaintiff were ever found at any of the robbery locations.

45.     Upon information and belief, after a DNA test was performed, no DNA of Plaintiff was ever found at any of the robbery locations; however, DNA of (a) different person(s) was found.

46.     None of the robberies mentioned supra occurred at the location that the plaintiff worked at in 2001.

47.     None of the witnesses to any of the string of robberies testified to any of the perpetrators being 5'7 in height.

48.     All of the above-mentioned robberies took place nearly eight (8) years after the plaintiff worked as an employee of "Gamestop".

49.     After approximately twenty-four (24) hours at the precinct, Mr. Selvon was transported to another holding cell.

50.     Eventually, he was brought to Central Booking, where he was photographed, reprocessed and remained there for approximately twelve (12) additional hours at Central Bookings until he was brought to a Courtroom pen to await arraignment.

51.     To his shock, the Plaintiff then learned that he was being charged with armed robbery.

52.     The plaintiff, who had not slept in approximately thirty-six (36) or more hours, did not have a clear understanding whatsoever of what was to transpire and what was happening to him other than he had been charged with a crime that he had not committed.

53.     Plaintiff informed his legal aid representative that he was innocent of any wrongdoing.

54.     In fact, the plaintiff was innocent of any wrongdoing and no reasonable police officer could objectively and reasonably, have believed based on what transpired as set forth above, that the plaintiff had engaged in any unlawful conduct whatsoever.

55.     Thereafter, the plaintiff was transported to Rikers Island Correctional Facility.

56.     While at Riker's Island, he was assaulted, battered, humiliated, intimidated, depressed and in fear for his life and well-being every minute of every day.

57.     Upon information and belief, while at Riker's Island, he was wrongfully and illegally put in to Solitary Confinement more than ten (10) times.

58.     While at Riker's Island he experienced inmate violence, correctional officer violence and daily harassment.  He experienced fear for his life, sleeplessness and cold sweats nightly.

59.     On or about March 15, 2012, approximately eight-hundred eighty (880) days after Mr. Selvon's wrongful arrest, his first trial commenced, which resulted in a "hung jury", requiring Plaintiff to submit to another trial and for more time to serve incarcerated.

60.     At the very least, Plaintiff **ARNALDO SELVON** should have been released on or about March 23, 2012. There was a clear abuse of process from March 15, 2012 through November 28, 2012.

61.     On or about November 28, 2012, another two-hundred sixty five (265) days later, the second jury trial commenced.

62.     At the end of that trial, the jury found the Plaintiff "Not Guilty." Mr. Selvon was finally released.

63.     On or about November 28, 2012, marking a total of approximately one-thousand, one-hundred and forty-five (1,145) days in custody, all charges were dismissed and Mr. Selvon was released from custody.

64.     The City's policies and practices and approach as described and the actions and conduct related to the arrest of the plaintiff and of others comparably and similarly situated are designed to achieve a collateral purpose and have nothing whatsoever to do with any unlawful conduct on the part of Mr. Selvon.  No reasonable, competent and prudently acting police officer could have reasonably and objectively believed that that the Plaintiff was the person who committed those crimes.

65.     The plaintiff was subjected to malicious prosecution under 42 USC §1983; he was subjected to harassing conduct and treatment; he was subjected to excessive force 42 USC §1983; he was deprived of a constitutional right to a fair trial; he was subjected to unreasonable and excessive terms and conditions of his arrest and custodial imprisonment including but not limited to, an improper and unlawful lineup and prolonged stays in solitary confinement.

66.     The actions and conduct and the policies and practices which were associated therewith and which propelled the same were under the color of state law, unlawful and unconstitutional and violated the plaintiff's rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and 42 USC § 1983.

67.     The actions and conduct and the policies and practices which were associated therewith and which propelled the same were under the color of state law, unlawful under the laws of the Constitution of the State of New York and/or the City of New York including, but not limited to malicious prosecution, excessive force and excessive detention.

68.     The plaintiff, among other things, suffered emotional distress, humiliation, stress, mental anguish, psychological trauma, loss of earnings, physical pain and suffering, cold sweats, sleeplessness, depression, post-traumatic stress, and suffering of the violation of his constitutional and civil rights and rights otherwise guaranteed under law.

69.     The plaintiff has not placed a monetary value on the damages which he suffered as a consequence of the actions and conduct and policies and practices associated therewith which propelled such.  However, he deems the monetary value to be substantial and to include not only compensatory damages, but punitive damages as well.

70.     The plaintiff has no other adequate remedy at law but for the institution of this litigation.

## AS AND FOR A FIRST CAUSE OF ACTION
**DEPRIVATION OF RIGHTS UNDER THE US CONSTITUTION and 42 U.S.C. § 1983 BY ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5**

71.     Plaintiff Mr. Selvon repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

72.     By their conduct and actions under the color of state law, in unlawfully detaining, imprisoning, in failing to protect Mr. Selvon from the unjustified and unconstitutional treatment he received at the hands of Defendants, Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5,** acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

73.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK

74.     Plaintiff Mr. Selvon repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

75.     At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department and through Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC,**

ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5 had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

76.     At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department, under the color of state law, and through Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said Defendants.   The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

77.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
## DEPRIVATION OF CONSTITUTIONAL RIGHT TO A FAIR TRIAL

78.     Plaintiff Mr. Selvon repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

79.     The illegal and improper lineup created by Defendants established false information likely to influence a jury's decision and said information was forwarded to the prosecution. The Defendants engaged in an unlawful, unreasonable, and arbitrary investigation, which lead to Plaintiff's arrest.   Thus, Mr. Selvon's Constitutional Right to a Fair Trial was violated and the harm occasioned by this violation is an action for damages under 42 USC § 1983.   Here, a reasonable jury could find, based on the evidence, that defendants, under the color of state law, violated the plaintiffs' clearly established constitutional rights by conspiring to fabricate and forward to prosecutors a known improper lineup almost certain to influence a jury's verdict.

80.     That the plaintiff did not know and could not have known that the lineup was illegal and/or improper until the favorable termination of the proceedings.

81.     The plaintiff was subjected to deprivation of Constitutional Right to a Fair Trial in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 USC § 1983.

82.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF SUBSTANTIVE DUE PROCESS

83.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

84.     Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD**

#1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5, individually and collectively are liable pursuant to 42 U.S.C. § 1983 for abuses against Plaintiff that shock the conscience in violation of the Fourteenth Amendment to the United States Constitution.

85.   Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5**, individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of Article 1, § 5 of the New York State Constitution.

86.   Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5**, individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of New York law, rules and regulations.

87.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**AS TO DEFENDANTS ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ.,**
**ASSISTANT DISTRICT ATTORNEY ASSISTANT DISTRICT ATTORNEY GARY BARNETT,**
**ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA**
**EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE**
**CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092) and**
**DETECTIVE TIMOTHY ELLIS (SHIELD #1837)**

88.     Plaintiff Mr. Selvon repeats and reiterates the allegation set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

89.     By the actions described above, Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5,** under color of state law, maliciously prosecuted Plaintiff without probable cause, illegally, without any proper claims and without any right or authority to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his rights as guaranteed by 42 USC §1983.

90.     Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD**

#1837), **B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** arrested and issued legal process in order to obtain collateral objectives outside the legitimate ends of the legal process. Defendants intimidated Plaintiff Mr. Selvon for their personal interest to further prevent Plaintiff from disclosing the aforementioned evidence of their misconduct. Defendants acted with intent to do harm to Plaintiff Mr. Selvon without excuse or justification. The legal process was ultimately terminated in favor of Plaintiff Mr. Selvon.

91.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged or injured.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**EXCESSIVE FORCE**
**AS TO B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5**

92.     Plaintiff Mr. Selvon repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

93.     Throughout the period of his imprisonment and/or detention, Plaintiff was continuously subjected to excessive and unreasonable detention and to multiple excessive and unnecessary and unreasonable acts of physical force (while in detention), and to unnecessary and unreasonable and excessive terms and conditions of his imprisonment (including being put in solitary confinement), at the hands of defendants under the color of state law, in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 USC § 1983.

94.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### EXECESSIVE FORCE WITH RESPECT TO MUNICIPAL LIABILITY

95.     Plaintiff Mr. Selvon repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

96.     Throughout the period of his imprisonment and/or detention, Plaintiff was continuously subjected to excessive and unreasonable detention and to multiple excessive and unnecessary and unreasonable acts of physical force (while in detention), and to unnecessary and unreasonable and excessive terms and conditions of his imprisonment (including being put in solitary confinement), at the hands of defendants under the color of state law, in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 USC § 1983.

97.     In addition to the violation of Plaintiff's constitutional rights as stated above, it is clear from the outlined allegations, there was a municipal policy or custom that caused Mr. Selvon's injuries and the policies (specifically but not unconstitutional conditions of confinement, excessive force, placement in solitary confinement) were causally connected to Mr. Selvon's deprivation of constitutional rights.[1]

98.     Mr. Selvon was continually subjected to harassment and violence by, *inter alia*, correction officers, and that the officers tolerated continual harassment and violence against him by fellow inmates. He was unlawfully put in solitary confinement – a condition that Amnesty International has characterized as akin to torture – not one but at least ten times. Again, this is a pattern of conduct involving multiple officers over an extended period of time, which creates an inference that a failure to train and/or supervise existed. *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 130 n. 10 (2d Cir. 2004).

99.     Mr. Selvon's treatment during his confinement was the result of something more than a single officer's misconduct. This "something more" was a custom or policy of encouraging, condoning or turning a blind eye to the types of misconduct complained of.

---

[1] In light of recent revelations about widespread brutality at Rikers Island, that discovery will reveal that an unconstitutional custom and/or practice of officer-on-inmate violence, combined with a failure of training and supervision, indeed existed at that jail. See Michael Winerip and Michael Schwirtz, Rikers: Where Mental Illness Meets Brutality in Jail, N.Y. Times, July 14, 2014.

100.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A EIGHTH CAUSE OF ACTION**
**DERELICTION OF DUTY. DEPRAVED INDIFFERENCE**
**and FAILURE TO INTERCEDE**

101.     Plaintiff **ARNALDO SELVON** repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

102.     Defendants **THE CITY OF NEW YORK, ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), and DETECTIVE TIMOTHY ELLIS (SHIELD #1837)** were under a duty of safeguarding the public and ensuring the appropriate execution of the New York Police Department's role.  Plaintiff **ARNALDO SELVON** duly relied on Defendants' fulfillment of their policing duties.

103.     Defendants **THE CITY OF NEW YORK, ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), and DETECTIVE TIMOTHY ELLIS (SHIELD #1837)** had an affirmative duty to intercede when Plaintiff **ARNALDO SELVON'S** constitutional rights were being violated in Defendants' presence.

104.     At the time of the incident, Defendants **THE CITY OF NEW YORK, ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE**

CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092) and

DETECTIVE TIMOTHY ELLIS (SHIELD #1837) were observing and aware of the wrongful acts against

Plaintiff **ARNALDO SELVON**.

105.    At the time of the incident, Defendants   **THE CITY OF NEW YORK, ASSISTANT**

**DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY**

**BARNETT, ESQ., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE**

**NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406),**

**DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD**

**#3092), and DETECTIVE TIMOTHY ELLIS (SHIELD #1837)** neglected to intervene on Plaintiff

**ARNALDO SELVON**'s behalf in dereliction of their duty to Plaintiff and in depraved indifference to Plaintiff's

well-being.

106.    Defendants **THE CITY OF NEW YORK, ASSISTANT DISTRICT ATTORNEY**

**MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,**

**ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA**

**EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE**

**CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), and**

**DETECTIVE TIMOTHY ELLIS (SHIELD #1837)** violated Plaintiff **ARNALDO SELVON**'s constitutional

rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights

and the injuries or further injuries caused as a result of said failure.

107.    Defendants **THE CITY OF NEW YORK, ASSISTANT DISTRICT ATTORNEY**

**MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ.,**

**ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA**

**EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE**

**CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), and**

**DETECTIVE TIMOTHY ELLIS (SHIELD #1837)** had an affirmative duty to intercede when Plaintiff

ARNALDO SELVON's constitutional rights were being violated in Defendants' presence by falsifying evidence of probable cause to arrest and prosecute Plaintiff.

108.   Defendants **B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** were under a duty of safeguarding the public and ensuring the appropriate execution of Defendant's role.

109.   Plaintiff duly relied on Defendants' fulfillment of their Correction Officer duties.

110.   Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence.

111.   At the time of the incidents, Defendants **B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** were observing and aware of the wrongful acts against Plaintiff.

112.   At the time of the incidents, Defendants **B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** neglected to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in depraved indifference to Plaintiff's well-being.

113.   Defendants **B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** violated Plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

114.   Defendants **B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence by assault, abuse, beatings, retaliations and punishments.

115.   As a result of the foregoing, Plaintiff **ARNALDO SELVON** was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A NINETH CAUSE OF ACTION
### NEGLIGENCE

116.   Plaintiff Mr. Selvon repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

117.   Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** negligently caused injuries and otherwise damaged Plaintiff.   The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

118.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A TENTH CAUSE OF ACTION

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

119.    Plaintiff Mr. Selvon repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

120.    Under the color of state law, Defendant **THE CITY OF NEW YORK** negligently hired, screened, retained, supervised and trained Defendants **ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD #3092), DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** and its employees. The acts and conduct of Defendant were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

121.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL HARM AND/OR DISTRESS ("IIED")

122.    Plaintiff Mr. Selvon repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

123.    Under the color of state law, Defendants **THE CITY OF NEW YORK, ASSISTANT DISTRICT ATTORNEY MATTHEW D'EMIC, ESQ., ASSISTANT DISTRICT ATTORNEY GARY BARNETT, ESQ., ASSISTANT DISTRICT ATTORNEY NICOLE MURPHY, ESQ., DETECTIVE NATALYA EDELSHTEYN (SHIELD #5544), SERGEANT JEREMY BERSON (SHIELD #406), DETECTIVE CRAIG WAGNER (SHIELD #7906), SERGEANT EDWARD DEIGHAN (SHIELD**

#3092), **DETECTIVE TIMOTHY ELLIS (SHIELD #1837), B POST OFFICER "JOHN" BATTS (SHIELD #17977), CORRECTION OFFICER "JOHN" MCFARLAND (SHIELD #11312), CAPTAIN "JOHN" GROCE (SHIELD #183), CORRECTION OFFICER "JOHN" PARSLEY (SHIELD #13205) and CORRECTION OFFICERS JOHN DOE #1-5** intentionally caused continuous emotional distress and damage to Plaintiff.  The acts and conduct of Defendant were the direct and proximate cause of continuous emotional distress emotional injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

124.    Upon information and belief, Defendants committed multiple acts against Plaintiff, which invaded his interests and inflicted injuries upon him throughout all stages of investigation, the continuous detention and the trials, which cumulatively amounted to intentional infliction of emotional harm and/or distress.

125.    The favorable termination of the proceedings was the crux of his claim.

126.    Because Plaintiff was subject to a sustained pattern of abuse, the IIED in this instance is continuing in nature, therefore, the Continuing Tort Doctrine applies and thus, the statute of limitations begins to run *after the last actionable abuse has occurred*.[2]

127.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE,** Plaintiff demands the following relief jointly and severally against all of the Defendants:

a.    Compensatory damages;

b.    Punitive damages;

c.    Declaratory relief;

d.    Injunctive relief;

---

[2] In fact, where it is alleged that the course of actionable conduct which gives rise to the IIED claim continues over a period of time, it is the *end* date of that pattern of behavior that is relevant for statute of limitations purposes. *See, Neufeld v. Neufeld*, 910 F.Supp. 977, 982-83 (S.D.N.Y. 1996)("[C]laims for IIED that allege a continuing pattern and practice of actionable behavior may invoke the continuing tort doctrine to provide an exemption from the statute of limitations where the 'last actionable act' of the alleged course of conduct falls within the statute of limitations.").

e.  The convening and empanelling of a jury to consider the merits of the claims herein;

f.  Costs and interest and attorneys' fees;

g.  Such other further relief as this court may deem appropriate and equitable.


Dated:      New York, New York
            November 25, 2015


                            Yours, etc.
                            NOVO LAW FIRM, P.C.
                            *Attorneys for Plaintiff*



                            Ellie A. Silverman, Esq. (ES 5868)
                            299 Broadway, 17th Floor
                            New York, New York 10007
                            (212) 233-6686
                            Our File No.: 09-2808
                            ellies@novolawfirm.com