```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
ARNALDO SELVON,

                Plaintiff,

     -against-

THE CITY OF NEW YORK, SGT.
EDWARD DEIGHAN, DET. CRAIG
WAGNER, DET. TIMOTHY ELLIS,

                Defendants.
```

**MEMORANDUM AND ORDER**

Case No. 1:13-cv-6626 (FB) (RML)

*Appearances:*
*For the Plaintiff*:
JONATHAN EDELSTEIN, ESQ.
Edelstein & Grossman
501 Fifth Avenue, Suite 514
New York, NY 10017

ELLIE SILVERMAN, ESQ.
Law Office of Ellie Silverman
745 Fifth Avenue, Suite 500
New York, NY 10151

*For the Defendant*:
ZACHARY CARTER, ESQ.
Corporation Counsel for the City of
New York
By: JORGE MARQUEZ, ESQ.
Of Counsel
100 Church Street, Room 3-131
New York, NY 10007

**BLOCK, Senior District Judge:**

Plaintiff Arnaldo Selvon brings suit against the City of New York ("City") and several New York Police Department ("NYPD") officers. The remaining defendants are the City and three NYPD officers – Sergeant Edward Deighan, Detective Craig Wagner, and Detective Timothy Ellis. The remaining claims are (1) a malicious prosecution claim against Sgt. Deighan, Det. Wagner, and Det. Ellis and

1

(2) a municipal liability claim against the City of New York.[1] The parties have agreed to bifurcate Selvon's municipal liability claim from his malicious prosecution claim. Thus, this decision addresses only Selvon's malicious prosecution claim.

The City and Officers (together, "defendants") moved for summary judgment under Federal Rule of Civil Procedure 56. On a motion for summary judgment, the court must "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sloley v. VanBramer*, 945 F.3d 30, 36 (2d Cir. 2019) (*citing Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010)). Summary judgment is appropriate only if the pleadings, the discovery materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## I. Facts

The following facts, taken from the pleadings, the parties' Rule 56 statements, and supporting documentation are undisputed unless otherwise noted.

Selvon was employed at GameStop, a retailer of video games and consumer electronics merchandise, from September 1, 2001 to December 9, 2001.[2]

---

[1] At oral argument on November 6, 2020, the parties agreed that the only remaining defendants are Sgt. Deighan, Det. Wagner, Det. Ellis and the City of New York.

[2] In his second amended complaint, plaintiff states that he was employed at GameStop from September 1, 2001 until December 9, 2001. *See* Plaintiff's Second

Selvon was charged with five robberies of GameStop stores during June, August, and September of 2009.

NYPD Detective Craig Warner placed Selvon's mugshot into photo arrays that were shown to two victims of the robberies. Det. Warner obtained the mugshot from a prior arrest in a case where Selvon was acquitted. The two victim-witnesses identified Selvon. Subsequently, Selvon was placed in a lineup. The defendants note that seven of eight witnesses identified Selvon in the lineup as one of the perpetrators of the robberies.

Selvon was indicted by a grand jury in Kings County and charged with five counts of robbery in the first degree, along with associated offenses. At least three witnesses who identified Selvon testified in the grand jury.

In the underlying criminal case, the Hon. Guy J. Mangano, Jr. presided over a combined *Dunaway* / *Wade* / *Payton* pretrial hearing.[3] The *Wade* hearing, dealing with the propriety of eyewitness identification procedures, resolved favorably for the government. Judge Mangano found there was "nothing in the record to suggest

---

Amended Complaint at 6, ECF No. 28. In the papers associated with the motion for summary judgment, plaintiff's counsel contends that Selvon was not employed at GameStop but rather at a Software Etcetera store. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at 1, ECF No. 100.

[3] A *Dunaway* hearing concerns whether evidence was obtained by the police in the absence of probable cause to make an arrest. A *Payton* hearing concerns whether police made a warrantless and nonconsensual entry into a suspect's home in order to make an arrest.

the [photo array] procedures employed by the police were improper or constitutionally defective." Affidavit/Declaration in Support of Motion for Summary Judgment, Exhibit EE, ECF No. 99. As to the lineup issue, Judge Mangano determined "inspection of [] photographs of the lineups confirms the fact that the lineup participants were sufficiently similar to each defendant in appearance so that neither defendant was singled out for identification."[4] *Id*.

Selvon was tried in March 2012, and the jury deadlocked. He was re-tried in November 2012 and was acquitted of all charges. At both trials, Selvon testified that he did not commit the robberies, that he had never been in any of the GameStop stores, and that he did not know any of the people involved in the robberies.

## II. Malicious Prosecution

To state a claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must plead "'the elements of a malicious prosecution claim under state law.'" *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (*quoting Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010)). "Under New York law, a malicious-prosecution claim requires a plaintiff to show '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the

---

[4] The suppression hearing addressed constitutional issues arising from the prosecution of Selvon and his co-defendant, Laron Fingall.

4

proceeding; and (4) actual malice as a motivation for the defendant's actions.'" *Dettelis*, 919 F.3d at 163-64 (*quoting Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (internal quotation marks omitted)).

The briefing in this case focused on the third element – the existence of probable cause. "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Dufort v. City of New York*, 874 F.3d 338, 348 (2d Cir. 2017) (*quoting Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996))

### A. Eyewitness Identification Procedures

The plaintiffs argue that Selvon was subjected to a suggestive photo array and lineup that served as an illegitimate basis to initiate a criminal prosecution. The defendants argue the photo array and lineup procedures were not misleading and are sufficient to establish probable cause for the arrest and prosecution of Selvon.[5]

---

[5] The defendants also claim that Selvon is collaterally estopped from contending that his photo array and lineup were unconstitutional due to the state court's decision at the *Wade* hearing. This argument has been rejected by the Second Circuit. *See Johnson v. Watkins*, 101 F.3d 792, 793 (2d Cir. 1996) ("facts determined in a pretrial suppression hearing cannot be given preclusive effect against a defendant subsequently acquitted of the charge" because of "the defendant's lack of an opportunity to obtain review of an issue decided against him.").

5

If pretrial identification procedures are impermissibly suggestive, due process requires exclusion of the identification testimony unless its reliability is established through independent evidence. *See Moore v. Illinois*, 434 U.S. 220, 226-28 (1977). Courts evaluate the suggestiveness of the procedures used under the "totality of the circumstances." *Manson v. Brathwaite*, 432 U.S. 98, 113 (1977). Here, neither the photo arrays nor the lineup were impermissibly suggestive.

As to the photo array, in the Second Circuit, "the test is 'whether the picture of the accused, matching descriptions given by the witness, so stood out from all of the other photographs as to suggest to an identifying witness that [that person] was more likely to be the culprit.'" *United States v. Jakobetz*, 955 F.2d 786, 803 (2d Cir. 1992) (*quoting Jarrett v. Headley*, 802 F.2d 34, 41 (2d Cir.1986)). That test is not met here. The photo array in this case depicts young men with broadly similar appearances and hairstyles. The Court agrees with Judge Mangano that there was nothing improper about the procedures employed. Det. Warner included fillers who broadly matched the witness descriptions of the perpetrator. In New York, a "victim's photo identification … provides the police with probable cause to arrest that person, even where the identification may not be 100% reliable." *Norwood v. Mason*, 524 Fed. App'x 762, 765 (2d Cir. 2013). Therefore, probable cause is established by positive identifications in the non-suggestive photo array.

6

The Court is equally unpersuaded that the lineup was suggestive. Plaintiff argues that the fillers had "different skin tones, different facial hair, substantial differences in height, weight and build, and [lacked] any other participants with an 'outstanding feature' such as a prominent forehead scar." Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at 16, ECF No. 100.

There is no discernible difference in skin tone in the photos of the lineup. Nor are meaningful differences in the fillers' facial hair apparent. Plaintiff's counsel points out that Selvon is one of the shorter and skinnier members of the lineup. Yet, even when hunched over, he does not appear meaningfully smaller than the individuals at positions three, five or six.[6] As Selvon and the fillers were wearing baseball caps during the lineup, plaintiff's argument about a forehead scar lacks merit. *See* Affidavit/Declaration in Support of Motion for Summary Judgment, Exhibit Q, ECF No. 99.

The Court therefore concludes that the eyewitness identification procedures were not unduly suggestive, and that the identifications of Selvon by numerous witnesses provided the government with probable cause.

---

[6] Selvon was at position four in the lineup.

## B. Grand Jury Indictment

As previously mentioned, Selvon was indicted by a grand jury in Kings County and charged with five counts of Robbery in the First Degree and related offenses. Eyewitnesses who had previously identified Selvon testified in the grand jury. "[U]nder New York law, indictment by a grand jury creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Dufort v. City of New York*, 874 F.3d 338, 352 (2d Cir. 2017) (*quoting Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)). "To rebut this presumption, the plaintiff bears the burden of establishing 'that the indictment was produced by' such fraud or bad-faith police misconduct." *Dufort*, 874 F.3d at 352 (*quoting Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983)).

While plaintiff contends that certain information may not have been included in the grand jury presentation – such as the fact that Selvon had a facial scar and that robberies of GameStop locations occurred after Selvon was arrested – none of this constitutes wrongful acts by the government. Failing to highlight specific information is not the same as deliberately suppressing evidence. Moreover, the prosecutor was not under an affirmative obligation to include exculpatory information in the grand jury presentation. *See People v. Lancaster*, 69 N.Y.2d 20, 25-26 (1986) (noting that prosecutors "enjoy wide discretion in presenting their case

8

to the Grand Jury" and "are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused").

Because the absence of probable cause is an element of a malicious prosecution claim, "the existence of probable cause is a complete defense to a claim of malicious prosecution." *Dettelis v. Sharbaugh*, 919 F.3d 161, 164 (2d Cir. 2019) (*quoting approvingly Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)). The Court therefore finds that the grand jury's finding of probable cause (1) should not be disturbed and (2) operates as a complete defense to plaintiff's malicious prosecution claim.

## CONCLUSION

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Here, the documentary record establishes uncontroverted facts that, taken together, provide probable cause for the arrest and prosecution of Arnaldo Selvon. Defendants are therefore entitled to judgment as a matter of law.

For the foregoing reasons, the defendants' motion for summary judgment on the malicious prosecution claim is GRANTED. The sole remaining claim is

plaintiff's municipal liability claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**SO ORDERED.**

                                                   /s/ Frederic Block_____
                                              FREDERIC BLOCK
                                              Senior United States District Judge

Brooklyn, New York
November 9, 2020