UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ARNALDO SELVON,

                Plaintiff,

   -against-

THE CITY OF NEW YORK, ET AL.,

                Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:13-cv-6626 (FB) (RML)

*Appearances:*
*For the Plaintiff*:
JONATHAN EDELSTEIN, ESQ.
501 Fifth Avenue, Suite 514
New York, NY 10017

ELLIE SILVERMAN, ESQ.
Law Office of Ellie Silverman, PC
135 E. 57th Street, Suite 100
New York, NY 10022

*For the Defendant*:
GEORGIA M. PESTANA, ESQ.
Acting Corporation Counsel for the
City of New York
By: JORGE MARQUEZ, ESQ.
100 Church Street, Room 3-131
New York, NY 10007

**BLOCK, Senior District Judge:**

      For the third time, the defendants have moved to dismiss the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the following reasons, the motion is granted.

**I.**

      Arnaldo Selvon alleges that he was falsely arrested on armed robbery charges and repeatedly subjected to excessive force during his resulting detention. He

1

asserted claims under 42 U.S.C. § 1983 against the City of New York, the Kings County District Attorney, and various New York City police officers.

The sole remaining claim is Selvon's freestanding *Monell* claim, which is "predicated upon the use of excessive force and/or deliberate indifference while he was incarcerated at Rikers Island." *See* ECF No. 120 at 1.

On November 24, 2020, plaintiff's counsel informed the Court that "[p]laintiff has ceased to communicate with his attorneys," "has changed his number and did not provide a forwarding number," and "has not responded to two Facebook messages, though the picture associated with the account appears to be Mr. Selvon." ECF No. 116 at 1. At that time, plaintiff's counsel sought to withdraw from the case. That application was denied. *See* ECF Entry on 03/04/2021. There has been no subsequent indication that communication with Selvon has been reestablished.

Counsel for the defendants has made two prior motions to dismiss for failure to prosecute during the pendency of this litigation. *See* ECF Nos. 32, 85. A third motion to dismiss for failure to prosecute was made on January 27, 2021.[1] *See* ECF No. 118. For the reasons that follow, the defendants' motion to dismiss for failure to prosecute is granted.

---

[1] The defendants' four-page letter motion seeks dismissal for failure to prosecute pursuant to Rule 41(b) and *sua sponte* dismissal pursuant to Rule 12(c). Since the Court is dismissing for failure to prosecute it need not reach the defendants' Rule 12(c) arguments.

## II.

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A court considering dismissal for failure to prosecute must consider five factors and assess whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration;
>
> (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "No one factor is dispositive" and courts must review "the dismissal in light of the record as a whole." *Drake*, 375 F.3d at 254.

### A. Duration

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Id*. at 255.

The proceedings have been delayed by the plaintiff at multiple junctures for a significant period of time. For example, in 2014, plaintiff's counsel failed to attend

3

a pre-motion conference in the case. *See* ECF Entry on 05/01/2014 ("Plaintiff's counsel failed to appear. The pre-motion conference is re-scheduled … and the Court will consider dismissing th[e] case for failure to prosecute"). Subsequently, plaintiff's counsel failed to serve various named defendants "even though sixty (60) days ha[d] elapsed since plaintiff filed his Second Amended Complaint," further delaying the proceedings. ECF No. 32 at 4. Plaintiff's counsel also experienced difficulties prosecuting the case when, as an associate at the Novo firm, the principal of the firm was suspended from the practice of law. This resulted in a request for an indefinite "adjournment of any matters that would materially affect the case." ECF No. 82 at 2. More recently, as described above, plaintiff's counsel has lost communication with the plaintiff for nine months.

The United States Supreme Court has permitted dismissal for failure to prosecute based on failure to attend a single pretrial conference. *See Link v. Wabash R. Co.*, 370 U.S. 626, 628-29 (1962). Delays attributable to the plaintiff include, but are certainly not limited to, failure to attend court proceedings. This factor weighs in favor of dismissal.

**B. Notice**

"The question we must answer here is whether [the plaintiff] received notice that further delays would result in dismissal." *Drake*, 375 F.3d at 255 (internal citations omitted).

Plaintiff has repeatedly been given notice that further delay would result in dismissal. As described above, as early as 2014, an ECF order suggested the Court would contemplate dismissal for failure to prosecute. *See* ECF Entry on 05/01/2014. This is the defendants' third motion to dismiss for failure to prosecute, and both Magistrate Judge Levy and this Court have ruled on a prior motion to dismiss for failure to prosecute. *See* ECF Nos. 59, 60. Plaintiff is clearly on notice that further delays will result in dismissal. *See, e.g.*, Hunter v. New York State Dep't of Corr. Servs., 515 F. App'x 40, 43 (2d Cir. 2013) ("[t]he record reveals that Hunter received at least two notices that her action could be dismissed for a failure to prosecute"). This factor weighs in favor of dismissal.

### C. Prejudice

This factor is focused on whether defendants are "likely to be prejudiced by further delay." *Drake*, 375 F.3d at 256 (internal citations omitted). The Court concludes they are.

Most notably, at an early stage in the case, plaintiff's failure to serve various individual defendants "delayed [the Law Department's] ability to evaluate the individual defendants' requests for legal representation." ECF No. 32 at 6. This inhibited the defendants from obtaining legal representation and prevented counsel from the New York City Law Department from efficiently litigating the case.

5

In addition, the matter has been delayed for nine months since plaintiff's counsel lost touch with Selvon. Given that plaintiff's counsel has not re-established contact, it seems increasingly unlikely the situation will ever be rectified.

This case has been ongoing since 2013. Courts may consider whether "prejudice" exists "based on the decay of evidence." *Id*. at 256. Courts have long recognized that parties could be prejudiced when "memories [] dim, witnesses become inaccessible, and evidence [is] lost." *United States v. Marion*, 404 U.S. 307, 326 (1971). This factor, too, weighs in favor of dismissal.

### D. Balance Between Calendar Congestion and Opportunity to Be Heard

With this factor "we consider [] the balance between district court calendar congestion and the plaintiff's right to [] be heard." *Drake*, 375 F.3d at 257.

While this factor does not weigh heavily in favor of either party, this case has generated well over 100 ECF entries and the parties have engaged in aggressive litigation at the motion to dismiss and summary judgment stages.

### E. Consideration of Lesser Sanctions

Finally, "we must consider whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay." *Id*. However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).

The Court has considered various alternative sanctions rather than dismissal with prejudice. Notably, in a previous round of litigation addressing plaintiff's failure to prosecute, neither sanctions nor dismissal resulted. *See* ECF Nos. 59, 60. However, given that plaintiff's counsel has completely lost touch with plaintiff for nine months, the inability to proceed at this time rests with Selvon and not with plaintiff's counsel. As a result, no lesser sanctions would be meaningful. *See Blake v. Payane*, No. 08 Civ. 0930(PAC) (PED), 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011) ("[N]o lesser sanction would be effective, since petitioner would be unaware that any sanction had been imposed."); *Rogers v. Villafane*, No. 12 Civ. 3042(CBA)(MDG), 2013 WL 3863914, at *3 (E.D.N.Y. July 24, 2013) ("There is no indication that a lesser sanction, such as a fine, would be effective, given the plaintiff's failure to take any action for several months to indicate an interest in pursuing this case").

## **CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss for failure to prosecute under Rule 41(b) is **GRANTED**.

**SO ORDERED.**

                                                 /S/ Frederic Block
                                                 FREDERIC BLOCK
                                                 Senior United States District Judge

Brooklyn, New York
July 7, 2021